UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Heights Apartments, LLC, and Walnut Trails, LLLP, | Court File No. 20-CV-02051 (NEB/BRT) |
| Plaintiffs, | |
| v. | **ANSWER OF DEFENDANTS TIM WALZ AND KEITH ELLISON** |
| Tim Walz, in his individual and his official capacity as Governor of the State of Minnesota, and Keith Ellison, in his individual and his official capacity as Attorney General of the State of Minnesota, and John Doe, | |
| Defendants. | |

Defendants Tim Walz, in his individual and his official capacity as Governor of the

State of Minnesota, and Keith Ellison, in his individual and his official capacity as Attorney

General of the State of Minnesota ("Defendants"), as and for their Answer to Plaintiffs'

Complaint, state as follows:

Except as hereinafter expressly admitted, qualified, denied, or otherwise answered,

Defendants deny each and every allegation in Plaintiffs' Complaint.

### JURISDICTION AND VENUE

1.      Jurisdiction in the District of Minnesota is proper under 28 U.S.C. § 1331
(federal-question jurisdiction), 28 U.S.C. § 2201 (declaratory-judgment jurisdiction), and
42 USC §§ 1983, 1988 (civil-rights statutes).

**ANSWER:**   Defendants does not dispute that Plaintiff seeks to invoke this Court's jurisdiction as set forth in the allegations; Defendants do not admit this Court has jurisdiction over all claims.

2.      Venue is proper in this Court under 28 U.S.C. § 1391 because the defendants are Minnesota public officials and reside within this district, and because the events or omissions giving rise to the claims presented occurred within this district.

**ANSWER:**   Defendants admit that venue is proper in this Court.

## PARTIES

3.      Plaintiff Heights Apartments, LLC is a Minnesota limited liability company domiciled in Minnesota.  Plaintiff Heights is the owner of multiple rental properties in Minnesota and derives its income from the rent generated from those properties.

**ANSWER:**   Defendants are without information regarding the allegations in this paragraph and, therefore, deny the same.

4.      Plaintiff Walnut Trails, LLLP is a Minnesota limited liability limited partnership domiciled in Minnesota.  Plaintiff Walnut Trails is the owner of a 168-unit apartment project in Eagan, Minnesota, and derives its income from the rent generated from those apartments.

**ANSWER:**   Defendants state that Plaintiff Walnut Trails has been dismissed from this action, and therefore no response is required.  Defendants further state that they are without information regarding the allegations in this paragraph and, therefore, deny the same.

5.      Defendant Tim Walz is a resident of the State of Minnesota, and in his official capacity, is governor of the State of Minnesota.  He is sued in both his individual and official capacities.

**ANSWER:**   Defendants admit the allegations in this paragraph.  Defendants state that official capacity claims against Defendant Walz are barred by the Eleventh Amendment.

6.     Defendant Keith Ellison is a resident of the State of Minnesota, and in his official capacity, is the Attorney General for the State of Minnesota.  He is sued in both his individual and official capacities.

**ANSWER:**   Defendants admit the allegations in this paragraph.  Defendants state that official capacity claims against Defendant Ellison are barred by the Eleventh Amendment.

7.     Defendant John Doe is a pseudonymous defendant representing the various city and county officials, or private individuals or law firms, to whom the State of Minnesota has delegated the authority to prosecute misdemeanor offenses including actions deemed to violate the Executive Orders outlined below, and whose identities cannot be ascertained at this time.  John Doe is sued in that capacity.

**ANSWER:**   Defendants are without information regarding the allegations in this paragraph and, therefore, deny the same.

## FACTUAL BACKGROUND

8.     On March 13, 2020, in response to a global pandemic which had spread to Minnesota, the Governor signed "Executive Order 20-01: Declaring a Peacetime Emergency and Coordinating Minnesota's Strategy to Protect Minnesotans from COVID-19."

**ANSWER:**   To the extent this paragraph references a written document that document speaks for itself.  Defendants deny the allegations in this paragraph to the extent they are inconsistent with the document.

9.     Since then, the Governor has issued eighty-three executive orders, 20-02 through 20-84.  All executive orders are available through the Office of the Governor, and accessible online at  https://mn.gov/governor/news/executiveorders.jsp  (last accessed Sep. 24, 2020).

**ANSWER:** To the extent this paragraph references written documents those documents speak for themselves. Defendants deny the allegations in this paragraph to the extent they are inconsistent with the documents.

10. The Governor has claimed legal authority to issue these executive orders pursuant to Minn. Stat. § 12.31, subd. 2.

**ANSWER:** To the extent this paragraph references written documents those documents speak for themselves. To the extent this paragraph sets forth conclusions of law, no response is required.

11. The Governor has issued subsequent executive orders extending the peacetime emergency for additional thirty-day periods with Executive Order 20-35 on April 13, 2020, Executive Order 20-53 on May 13, 2020, Executive Order 20-75 on June 12, 2020, Executive Order 20-78 on July 13, 2020, and Executive Order 20-83 on August 12, 2020. The last such order was Executive Order 20-89, issued September 11, 2020.

**ANSWER:** To the extent this paragraph references written documents those documents speak for themselves. Defendants deny the allegations in this paragraph to the extent they are inconsistent with the documents and deny any remaining allegations in this paragraph.

12. The executive orders extending the Governor's peacetime emergency powers have generally noted that the governor's asserted authority could only be rescinded by "a majority vote of each house of the legislature pursuant to Minnesota Statute 2019, section 12.31, subdivision 2(b)."

**ANSWER:** To the extent this paragraph references written documents those documents speak for themselves. Defendants deny the allegations in this paragraph to the extent they are inconsistent with the document and deny any remaining allegations in this paragraph.

4

13.     Defendant Gov. Walz, in his official capacity as Governor of the State of Minnesota, enacted Executive Orders 20-14 on Mar. 23, 2020, 20-73 on June 5, 2020, and 20-79 on July 14, 2020 (collectively, "EOs"), relating to terminations or non-renewals of tenancies, evictions, and writs of recovery.

**ANSWER:**  To the extent this paragraph references written documents those documents speak for themselves.  Defendants deny the allegations in this paragraph to the extent they are inconsistent with the documents.

14.     These EOs were approved by the Executive Council on those same dates. The Executive Council consists of officers of the Executive Branch: Defendant Governor Walz, the Lieutenant Governor, the Secretary of State, the State Auditor, and Defendant Attorney General Ellison.

**ANSWER:**  To the extent this paragraph references written documents those documents speak for themselves.  Defendants deny the allegations in this paragraph to the extent they are inconsistent with the documents.

15.     These EOs have never been codified into state law or ratified by an act of the Legislative Branch of the State of Minnesota.

**ANSWER:**  To the extent this paragraph references written documents those documents speak for themselves.  To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations of this paragraph.

16.     The Judicial Branch of the State of Minnesota has issued orders related to COVID-19 and access to the courts, but has never issued an order adopting Defendant Gov. Walz's EOs at issue here.

**ANSWER:**  To the extent this paragraph references written documents those documents speak for themselves.  To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations of this paragraph.

17.    These orders suspended "the ability to file an eviction action under Minnesota Statutes 2019, section 504B.285 or 504B.291" except under circumstances delineated in those orders.

**ANSWER:** To the extent this paragraph references written documents those documents speak for themselves. To the extent this paragraph sets forth conclusions of law, no response is required.

18.    The most expansive circumstances permitting evictions delineated in the EOs are those in EO 20-79, which permits the filing of an eviction "where the tenant:

a.    Seriously endangers the safety of other residents;
b.    Violates Minnesota Statutes 2019, section 504B.171, subdivision 1;
c.    Remains in the property past the vacate date after receiving a notice to vacate or nonrenewal under paragraph 4 of this Executive Order; or
d.    Materially violates a residential lease by the following actions on the premises, including the common area and the curtilage of the premises:
  i.    Seriously endangers the safety of others; or
  ii.    Significantly damages property."

The EO also adds a new provision that even when a notice of termination, non-renewal, or eviction is authorized under the terms above, the property owner must still provide "written notice of intent" of at least seven days or the notice period provided in the lease, whichever is longer. Under Minnesota law, such notice periods are almost always one full calendar month.

**ANSWER:** To the extent this paragraph references a written document that document speaks for itself. To the extent this paragraph sets forth conclusions of law, no response is required. Defendants deny the remaining allegations in this paragraph.

19.    EO-79, echoing similar language in EO 20-14 and EO 20-73, makes violation of this EO a criminal offense, and also allows Defendant Gen. Ellison to bring civil claims against them.

**ANSWER:** To the extent this paragraph references a written document that document speaks for itself. To the extent this paragraph sets forth conclusions of law, no response is required. Defendants deny the remaining allegations in this paragraph.

6

20.     EO 20-14 notes that "Current laws and rules do not allow for cessation of notices to terminate tenancies, eviction actions, or issuing of writs of recovery during the COVID-19 pandemic."

**ANSWER:**  To the extent this paragraph references a written document that document speaks for itself.  Defendants deny the allegations in this paragraph to the extent they are inconsistent with the document.

21.     By their terms, the EOs prevent landlords from terminating a tenancy or bringing an eviction action for breaches of the lease such as:

a.     Nonpayment of rent;
b.     Assaults on other tenants not deemed a "serious endangerment";
c.     Damage to property not deemed "significant";
d.     Materially interfering with the management of the property, such as refusing to allow access for maintenance, repairs, or inspections;
e.     Materially interfering with the use and enjoyment of the leased spaces for neighbors in a multi-unit building, such as smoking in common areas, harassment or theft from other residents, significant disturbances to other tenants such as loud parties, fights, or music, or leaving secured buildings unsecured;
f.     Exceeding the occupancy limit of the leased property, allowing non-lessees to live in the property, or non-lessees who claim the right of possession; or
g.     Abandoning the property.

**ANSWER:**  To the extent this paragraph references written documents those documents speak for themselves, and Defendants deny the allegations to the extent they are inconsistent with those documents.  Defendants deny any remaining allegations of this paragraph.

22.     By their terms, the EOs have turned every lease in Minnesota into an indefinite lease, terminable only at the option of the tenant except as noted above.

**ANSWER:**  To the extent this paragraph references a written document that document speaks for itself.  To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

23. Because of the EOs, landlords who bring an eviction action, give a notice of termination, or give a notice of non-renewal of a lease in violation of the EOs are subject to both criminal and civil sanctions.

**ANSWER:** To the extent this paragraph references a written document that document speaks for itself. To the extent this paragraph sets forth conclusions of law, no response is required. Defendants deny the remaining allegations in this paragraph.

24. This threat of sanctions is not speculative. Defendant Gen. Ellison has brought at least four suits for sanctions against a landlord for violation of the EOs, and on information and belief, has threatened such sanctions on others to gain compliance with the EOs.

**ANSWER:** To the extent this paragraph references written documents, including publicly-filed pleadings, those documents speak for themselves. To the extent this paragraph sets forth conclusions of law, no response is required. Defendants deny the remaining allegations in this paragraph.

## PLAINTIFF HEIGHTS APARTMENTS, LLC

25. Plaintiff Heights Apartments, LLC is a Minnesota limited liability company formed for the purpose of owning and renting real estate.

**ANSWER:** Defendants are without knowledge of the allegations in this paragraph and, therefore, deny the same.

26. The lease agreements Heights has with its tenants contains a limitation on occupancy of non-tenants and a prohibition on using the running a business from the premises, an explicit notice of the right of the landlord to terminate the lease, to bring an eviction action, as well as an agreement of the tenants to comply with tenancy rules set by the landlord.

**ANSWER:** Defendants are without knowledge of the allegations in this paragraph and, therefore, deny the same.

27.     As laid out in examples below, Plaintiff Heights has been injured in its ability to conduct its business, comply with local authorities, and keep its covenants of quiet enjoyment with its tenants.

**ANSWER:**   Defendants are without knowledge of the allegations in this paragraph

and, therefore, deny the same.

28.     By way of examples to illustrate this harm, on March 27, 2020, mere days after EO 20-14 went into effect, Heights closed on the sale of three properties from the same seller by the terms of a purchase contract which pre-dated the EO.  For the purposes of this Complaint and for the protection of the tenants, the properties are referred to only as Property A, Property B, and Property C, and tenants referred to by their initials only.

**ANSWER:**   Defendants are without knowledge of the allegations in this paragraph

and, therefore, deny the same.

29.     Property A is a four-unit building in Minneapolis entirely comprised of low-income tenants who receive subsidies for housing.  These subsidies are provided by the federal government, and Heights has had no issues with the tenancies at Property A.

**ANSWER:**   Defendants are without knowledge of the allegations in this paragraph

and, therefore, deny the same.

30.     Property B is a seven-unit building in St. Paul, which by contrast has caused significant problems.  One resident, R.U., is four months behind on rent and has been operating a car and boat repair shop in the parking lot in violation of city ordinances. Heights has received an order to abate the nuisance from the City of St. Paul, but despite numerous warnings, R.U. has not complied, and Heights has no way to force compliance with the City.  Another resident, M.R., has not paid rent since EO 20-14 went into effect, and has an unauthorized resident living on the property in violation of the lease.  M.R. and R.U. are so disruptive that they caused another tenant to move out, but Heights is hesitant to move another tenant into the vacant unit because of these problems.  In Property B, only two units have regularly paid rent since the EO went into effect.

**ANSWER:**   Defendants are without knowledge of the allegations in this paragraph

and, therefore, deny the same.

31.     The violations of the residents in Property B would be sufficient to terminate their leases, not renew, or file eviction actions against them, but these options are not available to Heights because of the EOs at issue.

**ANSWER:**   To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants are without knowledge of the allegations in this paragraph and, therefore, deny the same.

32.     Property C is a six-unit building in Columbia Heights, which is also the source of significant problems.  One resident, S.T., also has an unauthorized person living in the unit in violation of the lease, has not paid rent since EO 20-14 went into effect, and was the subject of two nuisance letters from the City of Columbia Heights.   On December 27, 2019, Columbia Heights sent the previous property owner a notice demanding that S.T.'s lease be terminated and eviction proceedings started, under threat of loss of the rental license.  However, despite the fact that Columbia Heights takes the position that eviction was warranted, Heights remains concerned that if Columbia Heights is incorrect about the facts or if the tenant otherwise prevails, Heights could be subjected to civil and criminal penalties.  Property C is also occupied by J.J., another tenant who is three months behind on rent, has an unauthorized tenant living in the property in violation of the lease, and has caused significant disturbances to other tenants due to frequent, loud, and large parties.  In Property C, only three of the residents regularly pay rent.

**ANSWER:**   Defendants are without knowledge of the allegations in this paragraph and, therefore, deny the same.

33.     The violations of the residents in Property C would be sufficient to terminate their leases, not renew, or file eviction actions against them, but these options are not available to Heights because of the EOs at issue.

**ANSWER:**   Defendants are without knowledge of the allegations in this paragraph and, therefore, deny the same.

34.     As a result of the EOs at issue, Plaintiff Heights has been damaged.

**ANSWER:**   Defendants are without knowledge of the allegations in this paragraph and, therefore, deny the same.

**PLAINTIFF WALNUT TRAILS LLLP**

35.     Plaintiff Walnut Trails, LLLP is a Minnesota limited liability limited partnership formed for the purpose of owning and renting real estate.

**ANSWER:**   Defendants state that Plaintiff Walnut Trails has been dismissed from this action, and therefore no response is required.  Defendants further state that they are without information regarding the allegations in this paragraph and, therefore, deny the same.

36.     The lease agreements Walnut Trails has with its tenants contains a limitation on occupancy of non-tenants, an explicit notice of the right of the landlord to terminate the lease, to bring an eviction action, as well as an agreement of the tenants not to disturb other residents.

**ANSWER:**   Defendants state that Plaintiff Walnut Trails has been dismissed from this action, and therefore no response is required.  Defendants further state that they are without information regarding the allegations in this paragraph and, therefore, deny the same.

37.     As laid out in examples below, Plaintiff Walnut Trails has been injured in its ability to conduct its business.

**ANSWER:**   Defendants state that Plaintiff Walnut Trails has been dismissed from this action, and therefore no response is required.  Defendants further state that they are without information regarding the allegations in this paragraph and, therefore, deny the same.

38.     Plaintiff Walnut Trails is the owner of a 168-unit apartment complex in Eagan, Minnesota.

**ANSWER:**   Defendants state that Plaintiff Walnut Trails has been dismissed from this action, and therefore no response is required.  Defendants further state that they are

without information regarding the allegations in this paragraph and, therefore, deny the same.

39.     Since the enactment of the EOs at issue, the income to Plaintiff Walnut Trails, which it uses to pay for, maintain, and repair the rental property, has dropped precipitously.

**ANSWER:**   Defendants state that Plaintiff Walnut Trails has been dismissed from this action, and therefore no response is required.  Defendants further state that they are without information regarding the allegations in this paragraph and, therefore, deny the same.

40.     Since the enactment of the EOs at issue, more than ten percent of the renters in the complex have not paid rent in full and on time, resulting in a loss of more than $36,000 in just the last six months.

**ANSWER:**   Defendants state that Plaintiff Walnut Trails has been dismissed from this action, and therefore no response is required.  Defendants further state that they are without information regarding the allegations in this paragraph and, therefore, deny the same.

41.     These failures to pay rent would be sufficient to terminate the tenants' leases, not renew, or file eviction actions against them, but these options are not available to Walnut Trails because of the EOs at issue.

**ANSWER:**   Defendants state that Plaintiff Walnut Trails has been dismissed from this action, and therefore no response is required.  Defendants further state that they are without information regarding the allegations in this paragraph and, therefore, deny the same.

42.     This sharp drop in revenue has caused not just an impairment of Plaintiff's business, but has forced it to raise the minimum rental requirements for tenancy.  As a

result, renters who otherwise would have qualified for tenancy in Plaintiff's building are no longer eligible, and its vacancy rate has risen.

**ANSWER:** Defendants state that Plaintiff Walnut Trails has been dismissed from this action, and therefore no response is required. Defendants further state that they are without information regarding the allegations in this paragraph and, therefore, deny the same.

43. As a result of the actions complained of above, Plaintiffs have suffered harm including but not limited to the loss of revenue, inability enforce the statutory and common-law covenants of quiet enjoyment, inability to ensure compliance with proper rules and regulations including applicable city, and state laws, inability to adequately address other breaches of contract, the loss of use and enjoyment of their property without compensation or due process, and the loss of their ability to seek redress in the courts.

**ANSWER:** Defendants state that Plaintiff Walnut Trails has been dismissed from this action, and therefore no response is required. Defendants further state that they are without information regarding the allegations in this paragraph and, therefore, deny the same.

### Count I:  Violations of the Contracts Clause of the United States Constitution (Against Defendant Gov. Walz in his official capacity)

44. Plaintiffs restate and reallege every paragraph set forth above as if fully incorporated herein.

**ANSWER:** Defendants incorporate their answers as set forth in each of the preceding paragraphs.

45. Plaintiffs have contracts with their tenants which are executed and enforceable. The contracts at issue are residential leases between Plaintiffs and their tenants, which are governed by Minn. Stat. § 504B and common law.

**ANSWER:**   To the extent this paragraph references a statute, that statute speaks for itself.   To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

46.     Minn. Stat. § 504B.285 and § 504B.291 provide for eviction as a remedy for a breach of the contract.  Breaches which might merit eviction under the statutes include, but are not limited to, holding over on real property, non-payment of rent, or other violations of contract terms.  Both Minnesota statutes and common law also provide the mechanism for landlords to terminate or not to renew a tenant's contract.  Notice of these rights and remedies are given in the contracts at issue.

**ANSWER:**   To the extent this paragraph references a statute, that statute speaks for itself.   To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

47.     Absent an order from the court under Minn. Stat. § 504B or the voluntary surrender of a rental unit by the tenant, landlords retain no right to re-enter and take possession of their properties.

**ANSWER:**   To the extent this paragraph references a statute, that statute speaks for itself.   To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

48.     Defendant Gov. Walz's EOs at issue here have effectively extinguished any remedy Plaintiffs have for breaches of contract by their tenants, and as a result, are a substantial impairment of Plaintiffs' contracts.

**ANSWER:**   To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

49.     Such actions are unconstitutional under Article I, Section X, Clause 1 of the United States' Constitution.

**ANSWER:**   To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

50.     By the actions stated above, Plaintiffs have been harmed in their ability to collect rent, enforce material terms of the contracts including terms intended to provide for the quality of life of other tenants, and in their ability to seek redress in the Courts.

**ANSWER:**   To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

### Count II:  Violations of Right to Trial Under the First Amendment (Against Defendant Gov. Walz in his official capacity)

51.     Plaintiffs restate and reallege every paragraph set forth above as if fully incorporated herein.

**ANSWER:**  Defendants incorporate their answers as set forth in each of the preceding paragraphs.

52.     The Minnesota Judicial system is empowered to hear cases and controversies including common-law claims for breach of contract and statutory claims under Minn. Stat. § 504B for eviction.

**ANSWER:**  Defendants state this claim has been dismissed and therefore no response is required.  To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

53.     Except under certain, limited circumstances, the EOs prohibit Plaintiffs from filing an eviction action.

**ANSWER:**  Defendants state this claim has been dismissed and therefore no response is required.  To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

54.     As complained of above, Plaintiffs have multiple tenants who have breached their contracts and/or who would otherwise be subject to termination or eviction under Minn. Stat. § 504B.

**ANSWER:** Defendants state this claim has been dismissed and therefore no response is required. To the extent this paragraph sets forth conclusions of law, no response is required. Defendants deny the remaining allegations in this paragraph.

55. The EOs prohibit Plaintiffs from vindicating their rights under the First Amendment to a right to trial.

**ANSWER:** Defendants state this claim has been dismissed and therefore no response is required. To the extent this paragraph sets forth conclusions of law, no response is required. Defendants deny the remaining allegations in this paragraph.

56. By the actions stated above, Plaintiffs have been harmed in their ability to collect rent, enforce material terms of the contracts, and in their ability to seek redress in the Courts.

**ANSWER:** Defendants state this claim has been dismissed and therefore no response is required. To the extent this paragraph sets forth conclusions of law, no response is required. Defendants deny the remaining allegations in this paragraph.

**Count III: Violations of The Takings Clause of the Fifth Amendment (Against Defendant Gov. Walz in official capacity)**

57. Plaintiffs restate and reallege every paragraph set forth above as if fully incorporated herein.

**ANSWER:** Defendants incorporate their answers as set forth in each of the preceding paragraphs.

58. Under the Takings Clause of the Fifth Amendment, Plaintiffs have the right to just compensation for the taking of their private property for public use.

**ANSWER:** To the extent this paragraph sets forth conclusions of law, no response is required. Defendants deny the remaining allegations in this paragraph.

59.     Under the EOs, Plaintiffs are required under threat of both civil and criminal sanctions to acquiesce to the physical presence of tenants in their properties, regardless of whether the tenant would otherwise have a right to remain in the property and regardless of the wishes of Plaintiffs to end the tenancy.

**ANSWER:**   To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

60.     Because of the nature of the EOs at issue, the takings here involve the taking of distinct, investment-backed expectations in that Plaintiffs have each bought the properties which are subject to the takings complained of in the expectation of a return on their investment in the form of rental income.

**ANSWER:**   To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

61.     Underlying its enactment, EO 20-14 and, by implication, its subsequent orders, invoked "emergency and disaster powers" "to 'protect the public peace, health, and safety.'"  It went on to state that "[p]ublic health and safety are promoted by stabilizing households."   However, these regulations are directed at a distinct subset of the population—rental property owners—who must alone bear the burden intended for the public good.

**ANSWER:**  To the extent this paragraph references a written document that document speaks for itself.  To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

62.     Plaintiffs have a fundamental property interest in the real properties they own, their contracts, and the business activities related to their rental businesses, which are protected by the Takings Clause of the Fifth Amendment.

**ANSWER:**   To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

63.     By the actions stated above, Plaintiffs have been deprived of the economic and beneficial use and decision making related to their own property and investments, and have received no compensation for the taking.

**ANSWER:**   To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

### Count IV: Violations of Right to Due Process Under the Fifth and Fourteenth Amendments
### (Against Defendant Gov. Walz in his official capacity)

64.   Plaintiffs restate and reallege every paragraph set forth above as if fully incorporated herein.

**ANSWER:**  Defendants incorporate their answers as set forth in each of the preceding paragraphs.

65.   Plaintiffs have a fundamental property interest in the real properties they own, their contracts, and the business activities related to their rental businesses, which are protected by the Due Process Clause of the Fifth and Fourteenth Amendments.

**ANSWER:**  Defendants state this claim has been dismissed and therefore no response is required.  To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

66.   Defendant Gov. Walz, by the enactment of the EOs at issue in this litigation, has unconstitutionally impaired Plaintiffs' fundamental interest in their real property and business activity.

**ANSWER:**  Defendants state this claim has been dismissed and therefore no response is required.  To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

67.   Defendant Gov. Walz, by the enactment of the EOs at issue in this litigation, has impaired Plaintiffs' property interest in their real property and business activity in an arbitrary manner.

**ANSWER:**  Defendants state this claim has been dismissed and therefore no response is required.  To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

68.    Defendant Gov. Walz, by the enactment of the EOs at issue in this litigation, has impaired Plaintiffs' property interest in their real property and business activity without notice or the right to a hearing to challenge the impairment of these interests or seek compensation.

**ANSWER:**  Defendants state this claim has been dismissed and therefore no response is required.  To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

69.    By the actions stated above, Plaintiffs have been harmed in their ability to collect rent, enforce material terms of the contracts including terms intended to provide for the quality of life of other tenants, and in their ability to seek redress in the Courts.

**ANSWER:**  Defendants state this claim has been dismissed and therefore no response is required.  To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

## Count V:  Section 1983 Claims
### (Against Defendants Gov. Walz and Gen. Ellison in their official and individual capacities)

70.    Plaintiffs restate and reallege every paragraph set forth above as if fully incorporated herein.

**ANSWER:**  Defendants incorporate their answers as set forth in each of the preceding paragraphs.

71.    Defendants in their official capacities as public officials of the State of Minnesota, have taken the above actions complained of under color of state law.

**ANSWER:**   To the extent this paragraph sets forth conclusions of law, no response is required.   Defendants state that official capacity claims are barred by sovereign immunity.  Defendants deny the remaining allegations in this paragraph.

72.   As outlined above, these actions have deprived Plaintiffs of their rights under the First, Fifth, and Fourteenth Amendments, as well as under Article I, Sec. X of the United States Constitution.

**ANSWER:**   To the extent this paragraph sets forth conclusions of law, no response is required.  To the extent this paragraph incorporates allegations of constitutional or statutory rights described elsewhere in the Complaint, Defendants incorporate their responses to those paragraphs.   Defendants deny the remaining allegations in this paragraph.

73.   As a result of the actions complained of above, Plaintiffs have suffered harm including but not limited to the loss of revenue, inability enforce the statutory and common-law covenants of quiet enjoyment, inability to ensure compliance with proper rules and regulations including applicable city, and state laws, inability to adequately address other breaches of contract, the loss of use and enjoyment of their property without compensation or due process, and the loss of their ability to seek redress in the courts.

**ANSWER:**   To the extent this paragraph sets forth conclusions of law, no response is required.  To the extent this paragraph incorporates allegations of constitutional or statutory rights described elsewhere in the Complaint, Defendants incorporate their responses to those paragraphs.   Defendants deny the remaining allegations in this paragraph.

### Count VI:    Ultra Vires Acts
### (Against Defendant Gov. Walz in his official and individual capacities)

74.   Plaintiffs restate and reallege every paragraph set forth above as if fully incorporated herein.

**ANSWER:** Defendants incorporate their answers as set forth in each of the preceding paragraphs.

75. The authority for the EOs invoked by Defendant Gov. Walz is under Minn. Stat. § 12.21, which grants emergency powers to the governor under certain circumstances.

**ANSWER:** Defendants state this claim has been dismissed and therefore no response is required. To the extent this paragraph sets forth conclusions of law, no response is required. Defendants deny the remaining allegations in this paragraph.

76. Nothing in the rulemaking provisions of Minn. Stat. § 12.21, or in any other authority under which the EOs may be executed, grants Defendant Gov. Walz the authority to wield the powers granted under the Minnesota Constitution to the Legislative or Judicial Branches.

**ANSWER:** Defendants state this claim has been dismissed and therefore no response is required. To the extent this paragraph sets forth conclusions of law, no response is required. Defendants deny the remaining allegations in this paragraph.

77. Article 3, § 1 of the Minnesota Constitution provides that the powers of government shall be divided into three distinct departments: legislative, executive, and judicial. No person or persons belonging to or constituting one of these departments shall exercise any of the powers properly belonging to either of the others except in the instances expressly provided in this constitution.

**ANSWER:** Defendants state this claim has been dismissed and therefore no response is required. To the extent this paragraph sets forth conclusions of law, no response is required. Defendants deny the remaining allegations in this paragraph.

78. Defendant Gov. Walz's actions in issuing the EOs are without any authority whatever, as they are an improper exercise of legislative power, including the power to modify or abridge statutes, which properly rests with the Legislature and has not been delegated.

**ANSWER:** Defendants state this claim has been dismissed and therefore no response is required. To the extent this paragraph sets forth conclusions of law, no response is required. Defendants deny the remaining allegations in this paragraph.

79.     Defendant Gov. Walz's actions in issuing the EOs are without any authority whatever, as they are an improper regulation of the judicial power inherent to the Judiciary to exercise control over the operation of the Courts, including its ability to hear cases and controversies, which properly rests with the Judiciary and has not been delegated.

**ANSWER:** Defendants state this claim has been dismissed and therefore no response is required. To the extent this paragraph sets forth conclusions of law, no response is required. Defendants deny the remaining allegations in this paragraph.

80.     The EOs at issue improperly exercise both legislative and judicial power, as they add a notice provision entirely absent from Minn. Stat. § 504B, and they prevent the judiciary from hearing cases and controversies based on breaches of contract or statutory protections.

**ANSWER:** Defendants state this claim has been dismissed and therefore no response is required. To the extent this paragraph sets forth conclusions of law, no response is required. Defendants deny the remaining allegations in this paragraph.

81.     As a result of the actions complained of above, Plaintiffs have suffered harm including but not limited to the loss of revenue, inability enforce the statutory and common-law covenants of quiet enjoyment, inability to ensure compliance with proper rules and regulations including applicable city, and state laws, inability to adequately address other breaches of contract, the loss of use and enjoyment of their property without compensation or due process, and the loss of their ability to seek redress in the courts.

**ANSWER:** Defendants state this claim has been dismissed and therefore no response is required. To the extent this paragraph sets forth conclusions of law, no response is required. Defendants deny the remaining allegations in this paragraph.

### Count VII: Declaratory Relief and Injunctive Relief (Against all Defendants)

82.    Plaintiffs restate and reallege every paragraph set forth above as if fully incorporated herein.

**ANSWER:**  Defendants incorporate their answers as set forth in each of the preceding paragraphs.

83.    Under 28 U.S.C. § 2201, Plaintiffs have the right to seek a declaration that the acts of Defendants, as complained of above, are taken in violation of the United States Constitution.

**ANSWER:**  Defendants state this claim has been dismissed and therefore no response is required.  To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

84.    This case presents an actual case or controversy, as the actions complained of are not hypothetical, theoretical, or speculative, but currently act to impair Plaintiffs' rights and cause the damages complained of above, and adverse action against similarly-situated persons has already been undertaken by Defendants.

**ANSWER:**  Defendants state this claim has been dismissed and therefore no response is required.  To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

85.    By the actions complained of above, Defendants have acted to impair Plaintiffs' rights under the United States Constitution.

**ANSWER:**  Defendants state this claim has been dismissed and therefore no response is required.  To the extent this paragraph sets forth conclusions of law, no response is required.  Defendants deny the remaining allegations in this paragraph.

86.    Under 28 U.S.C. § 2202, 42 U.S.C. § 1988, and applicable case law, Defendants are entitled to an order enjoining the unconstitutional conduct complained of.

**ANSWER:** Defendants state this claim has been dismissed and therefore no response is required. To the extent this paragraph sets forth conclusions of law, no response is required. Defendants deny the remaining allegations in this paragraph.

## REQUEST FOR RELIEF

The remainder of the Complaint contains Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies the allegations in Plaintiff's prayer for relief and further aver that Plaintiff is not entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim against Defendants upon which relief can be granted.

2. Plaintiff's claims against Defendants are barred, in whole or in part, by the doctrines of Eleventh Amendment, absolute, and/or qualified immunity.

3. Plaintiff's Complaint, claims, and causes of action may be barred, in whole or in part, by the doctrines of consent, unclean hands, waiver and/or estoppel.

4. Any actions or inactions attributable to Defendants were not the direct and proximate cause of any damage to Plaintiffs.

5. If Plaintiff sustained damages, they have failed to mitigate their purported damages.

6. Defendants acted in good faith with respect to the actions or decisions challenged in the Complaint and had reasonable grounds to believe their conduct did not violate the law.

7.      Defendants do not have knowledge and/or information sufficient to form a belief as to the character or extent of any alleged injuries or damages sustained by Plaintiff and demand strict proof thereof.

8.      Plaintiff's claims are barred by the public duty doctrine.

9.      Plaintiff's claims are non-justiciable in whole or in part because they fail to establish a case or controversy, are moot, and because Plaintiff lacks standing.

10.     Plaintiff's purported Contracts Clause claim is not cognizable under 42 U.S.C. 1983 or any other authority.

11.     Plaintiff does not allege the violation of any contractual rights.

12.     Defendants cannot be held liable in their individual capacities for claims under the Takings Clause.

13.     Plaintiff's claims are barred by the applicable statute of limitations, by the doctrine of laches, or both.

14.     Defendants reserve the right to assert any other affirmative defenses or objections as may arise or become available.

WHEREFORE, Defendants ask this Court to dismiss the Complaint and the causes of action therein, enter judgment in Defendants' favor with respect to Plaintiff's Complaint, and award Defendants their costs and disbursements incurred in connection with Plaintiff's Complaint, including reasonable attorneys' fees.

***Signature on Following Page***

Dated:  August 5, 2022

KEITH ELLISON
Attorney General
State of Minnesota
/s/ Michael Goodwin

_____

LIZ KRAMER (#0325089)
Solicitor General

MICHAEL GOODWIN (#0390244)
Assistant Attorney General

445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
liz.kramer@ag.state.mn.us
(651) 757-1010 (Voice)
michael.goodwin@ag.state.mn.us
(651) 757-1456 (Voice)

Attorneys for Defendants
Governor Tim Walz and Attorney General
Keith Ellison

|#5283668-v1